1
2
3
4
5
6
7

8      # UNITED STATES DISTRICT COURT
9      # SOUTHERN DISTRICT OF CALIFORNIA

10

11   MAURICE P. OLIVIER,                                Civil No.     11cv1447 MMA (RBB)
     CDCR #F-83603,
12
                                      Plaintiff,        **ORDER:**
13
                                                        **(1) GRANTING PLAINTIFF'S**
14                                                      **MOTION TO PROCEED *IN FORMA***
                                                        ***PAUPERIS*, IMPOSING NO**
15                                                      **INITIAL PARTIAL FILING FEE,**
                                                        **GARNISHING $350.00 BALANCE**
16                         vs.                          **FROM PRISONER'S TRUST**
                                                        **ACCOUNT [ECF No. 10];**
17
18                                                      **(2) GRANTING PLAINTIFF'S**
                                                        **MOTION REQUESTING COURT**
19   L.E. SCRIBNER; LARRY SMALL;                        **CONFIRM RECEIPT OF**
     L.S. McEWEN; T. OCHOA; A. MILLER;                  **DOCUMENTS [ECF No. 11]; and**
20   GERALD EDWARDS; F. MATA;
     F. RODRIGUEZ; B. GOINS;                            **(3) DISMISSING COMPLAINT**
21   M.E. BANAGA-BUGARIN; R. PETERS;                    **FOR FAILURE TO STATE A**
     D. HJERPE; K. BALL; CHAU;                          **CLAIM PURSUANT TO  28 U.S.C.**
22   M. NOGALES;                                        **§§ 1915(e)(2) AND 1915A(b);**
                                    Defendants.
23
24
25

26         Maurice P. Olivier ("Plaintiff"), a state prisoner currently incarcerated at Correctional

27   Training Facility located in Soledad, California, and proceeding pro se, has submitted a civil

28   action pursuant to 42 U.S.C. § 1983.  In his Complaint, Plaintiff alleges that his constitutional

                                                1                          11cv1447 MMA(RBB)

rights were violated when he was housed at Calipatria State Prison in 2009 and 2010. Additionally, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 10], along with a "Motion Request Court Confirm Receipt of Documents" [ECF No. 11].

## I.

### MOTION TO PROCEED IFP [ECF No. 10]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited

1   from bringing a civil action or appealing a civil action or criminal judgment for the reason that

2   the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*,

3   281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing

4   dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds

5   available to him when payment is ordered.").  Therefore, the Court **GRANTS** Plaintiff's Motion

6   to Proceed IFP [ECF No. 10] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).

7   However, the entire $350 balance of the filing fees mandated shall be collected and forwarded

8   to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C.

9   § 1915(b)(1).

10                                          **II.**

11              **INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

12              Notwithstanding IFP status or the payment of any partial filing fees, the Court must

13   subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening

14   and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a

15   claim upon which relief may be granted, or seeking monetary relief from a defendant immune

16   from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.

17   2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v.*

18   *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not

19   only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that

20   fails to state a claim).

21              Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte

22   dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as

23   amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to

24   the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing

25   the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3).  *See Calhoun*, 254 F.3d at

26   845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir.

27   1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of

28   process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Here, Plaintiff makes generalized claims regarding alleged constitutional violations but fails to identify any specific factual allegation that would link any of the named Defendants to an action that related directly to Plaintiff. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A person deprives another of a constitutional right under section 1983, where that person "'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The "requisite causal connection may be established" not only by some kind of direct personal participation in the deprivation, but also by setting in motion "a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* (citing *Johnson*, 588 F.2d at 743-44).

Here, Plaintiff fails to allege facts sufficient to show that any of these named Defendants were personally involved in the alleged deprivation of his civil rights.  Moreover, he appears to seek to hold some of these Defendants liable in their supervisory capacity.    However, there is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).

Plaintiff also alleges that Defendants violated his due process rights because they allegedly refused to provide him with a kosher diet.  (*See* Compl. at 18.)  However, Plaintiff's Complaint is devoid of any other factual claims regarding the reasons for the kosher diet request. Plaintiff makes no allegations that he intends to bring these claims under the First Amendment or pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

As to either Plaintiff's potential First Amendment or RLUIPA claims, he fails to allege facts sufficient to state a claim.  "The right to exercise religious practices and beliefs does not terminate at the prison door."  *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam).  In order to implicate the Free Exercise Clause of the First Amendment, the Plaintiff must show that their belief is "sincerely held" and "rooted in religious belief."  *See Shakur v. Schiro*, 514 F.3d 878, 884 (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

In addition to First Amendment protections, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et. seq*., provides:

> No government shall impose a *substantial burden on the religious exercise* of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – [¶] (1) is in furtherance of a *compelling governmental interest*; and [¶] (2) is the *least restrictive means* of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a) (emphasis added)*; see also San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1033-34 (9th Cir. 2004) ("RLUIPA 'replaces the void provisions of RFRA' . . . and prohibits the government from imposing 'substantial burdens' on 'religious exercise' unless

1    there exists a compelling governmental interest and the burden is the least restrictive means of

2    satisfying the governmental interest.").

3        RLUIPA defines religious exercise to include "any exercise of religion, whether or not

4    compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); *San Jose*

5    *Christian College*, 360 F.3d at 1034.   The party alleging a RLUIPA violation carries the initial

6    burden of demonstrating that a governmental practice constitutes a substantial burden on his

7    religious exercise.  *See* 42 U.S.C. §§ 2000cc-1(a); 2000cc-2(b) ("[T]he plaintiff shall bear the

8    burden of persuasion on whether the law (including a regulation) or government practice that is

9    challenged by the claim substantially burdens the plaintiff's exercise of religion.").   Here,

10   Plaintiff complains only of the alleged refusal by Defendants to provide a kosher diet.   (Compl.

11   at 18.)  Thus, Plaintiff has alleged no facts on which to base either a First Amendment or

12   RLUIPA claim.

13       Plaintiff also appears to allege that he was denied outdoor exercise of a few occasions but

14   fails to identify the length of this alleged deprivation.   "Whatever rights one may lose at the

15   prison gates, . . . the full protections of the eighth amendment most certainly remain in force.

16   The whole point of the amendment is to protect persons convicted of crimes."   *Spain v.*

17   *Procunier*, 600 F.2d 189, 193-94 (9th Cir. 1979) (citation omitted).  The Eighth Amendment,

18   however, is not a basis for broad prison reform.  It requires neither that prisons be comfortable

19   nor that they provide every amenity that one might find desirable.  *Rhodes v. Chapman*, 452 U.S.

20   337, 347, 349 (1981); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1981).  Rather, the Eighth

21   Amendment proscribes the "unnecessary and wanton infliction of pain," which includes those

22   sanctions that are "so totally without penological justification that it results in the gratuitous

23   infliction of suffering."  *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976); *see also Farmer v.*

24   *Brennan*, 511 U.S. 825, 834 (1994); *Rhodes*, 452 U.S. at 347.  This includes not only physical

25   torture, but any punishment incompatible with "the evolving standards of decency that mark the

26   progress of a maturing society."  *Trop v. Dulles*, 356 U.S. 86, 101 (1958); *see also Estelle v.*

27   *Gamble*, 429 U.S. 97, 102 (1976).

28   / / /

To assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must satisfy two requirements: one objective and one subjective. *Farmer*, 511 U.S. at 834; *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities." *Id.* This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 833; *Wright v. Rushen*, 642 f.2d 1129, 1132-33 (9th Cir. 1981).

The subjective requirement, relating to the defendants' state of mind, requires "deliberate indifference." *Allen*, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 835. Finally, the Court must analyze each claimed violation in light of these requirements, for Eighth Amendment violations may not be based on the "totality of conditions" at a prison. *Hoptowit*, 682 F.2d at 246-47; *Wright*, 642 F.2d at 1132.

In *Spain*, the court stated that "regular outdoor exercise is extremely important to the psychological and physical well being of the inmates." *Spain*, 600 F.2d at 199. A temporary denial of outdoor exercise would not necessarily rise to the level of a constitutional violation. *See Lopez v*, 203 F.3d at 1122 (complete denial of outdoor recreation for six and one half weeks was sufficient to satisfy the objective requirement). Here, it is unclear how long this alleged deprivation of outdoor exercise lasted. In addition, Plaintiff must also allege that Defendants acted with "deliberate indifference to an excessive risk to inmate health." *Farmer,* 511 U.S. at 837. Thus, if Plaintiff chooses to file an Amended Complaint, he must specifically identify those Defendants whom he claims acted with "deliberate indifference" to his Eighth Amendment right.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend

his pleading to cure the defects set forth above.  Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion Requesting Court Confirm Receipt of Documents [ECF No. 11] is **GRANTED**.  The Court has received the documents referenced in Plaintiff's Motion.

2.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 10] is **GRANTED**.

3.      The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5.      Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended

Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

6.      The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED:  October 31, 2011

Hon. Michael M. Anello
United States District Judge