1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**
9 **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| MAURICE P. OLIVIER,<br>CDCR #F-83603,<br><br>                Plaintiff,<br><br>vs.<br><br>L.E. SCRIBNER; LARRY SMALL;<br>L.S. McEWEN; T. OCHOA; A. MILLER;<br>B. GOINS; R. PETERS; D. HJERPE;<br>K. BALL; CHAU,<br><br>                Defendants. | Civil No.    11-cv-1447-MMA(RBB)<br><br>**ORDER:**<br><br>**(1) DISMISSING DEFENDANTS EDWARDS; MATA; RODRIGUEZ; BANAGA-BUGARIN; NOGALES;**<br><br>**(2)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO Fed.R.Civ.P. 4(c)(3) &  28 U.S.C. § 1915(d); and**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR ORDER FOR DISCLOSURE WITHOUT PREJUDICE**<br><br>**[Doc.  No.  15]** |

**I.**

**Procedural History**

On June 27, 2011, Maurice P. Olivier ("Plaintiff"), an inmate currently incarcerated at the Correctional Training Facility located in Soledad, California, and proceeding in pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. [Doc. No. 1.] In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP").  [Doc.  No.  3.]  On October 31, 2011, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for

1    failing to state a claim.  [Doc.  No.  12.]  Plaintiff was granted leave to file an Amended

2    Complaint in order to correct the deficiencies of pleading identified by the Court. [*Id.*]  On

3    December 16, 2011, Plaintiff filed a First Amended Complaint ("FAC"). [Doc.  No.  13.]  In his

4    First Amended Complaint he no longer names Edwards, Mata, Rodriguez, Banaga-Bugarin or

5    Nogales as Defendants.  Thus, Defendants  Edwards, Mata, Rodriguez, Banaga-Bugarin and

6    Nogales are **DISMISSED** from this action.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

7    1987) (Defendants not named and all claims not re-alleged in the Amended Complaint will be

8    deemed to have been waived.)

9                                              **II.**

10               **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

11              As discussed in the previous Order, because Plaintiff is proceeding IFP and is a

12   "prisoner" as defined by 28 U.S.C. § 1915(h), the Court must also review his Amended

13   Complaint sua sponte before service, and dismiss the entire action, or any part of his Amended

14   Complaint, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants

15   who are immune.  *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122,

16   1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but

17   requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a

18   claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

19              Before amendment by the Prison Litigation Reform Act ("PLRA"), the former 28 U.S.C.

20   § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203

21   F.3d at 1126, 1130.  An action is frivolous if it lacks an arguable basis in either law or fact.

22   *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  However, 28 U.S.C. § 1915(e)(2) and § 1915A

23   mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to

24   dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P.

25   4(c)(3).  *See Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05

26   (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service

27   of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

28   Cir. 1998) (discussing 28 U.S.C. § 1915A.)

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court finds that Plaintiff's claims are now sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## III.

### MOTION FOR ORDER FOR DISCLOSURE

Plaintiff has also filed a Motion requesting that the Court order prison officials at Calipatria State Prison to provide the "disclosure of full names, current work locations, or home addresses of the Defendants." [Doc. No. 15, at 1.] Plaintiff's request is premature. He must follow the instructions that will be provided in the "IFP package" which he will receive along with this Order. At this time, Plaintiff must fill out the forms as completely as possible and return them to the US Marshal's Office who will attempt service in this matter. In the event that

the US Marshal's Office is unable to serve the Defendants, Plaintiff may renew this Motion.

**IV.**

**CONCLUSION AND ORDER**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.     Defendants   Edwards, Mata, Rodriguez, Banaga-Bugarin and Nogales are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that:

2.     The Clerk shall issue a summons as to Plaintiff's First Amended Complaint [Doc. No. 13] upon the remaining Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the Court's October 31, 2011 Order granting Plaintiff leave to proceed IFP [Doc. No. 12], and certified copies of his First Amended Complaint and the summons for purposes of serving each Defendant.  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.  Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

3.     Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service.  Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

/ / /

/ / /

1        4.      Plaintiff's Motion Requesting Order for Disclosure [Doc. No. 15] is **DENIED**

2   without prejudice.

3

4    **IT IS SO ORDERED.**

5

6   DATED:  December 29, 2011

7

8                                             Hon.  Michael M.  Anello
                                              United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28