# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE P. OLIVIER, <br><br> Plaintiff, <br><br> vs. <br><br> L.E. SCRIBNER, et al., <br><br> Defendant. | CASE NO. 11cv1447-MMA (RBB) <br><br> **ORDER RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> [Doc. No. 34] |

Plaintiff Maurice P. Olivier, a state prisoner proceeding *pro se*, has filed a First Amended Complaint alleging various violations of his civil rights. *See* Doc. No. 17. Defendants move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 34. Plaintiff filed an opposition to the motion, to which Defendants replied. *See* Doc. Nos. 42, 43. For the reasons set forth below, the Court **GRANTS** the motion in part and **DISMISSES** Plaintiff's First Amended Complaint with leave to amend.

///
///
///
///
///
///

**BACKGROUND**

Plaintiff complains of events beginning on or about March 2008 at Calipatria State Prison in Calipatria, California.[1] The following description of events is taken from the pleadings and is not to be construed as findings of fact by the Court.[2]

According to Plaintiff, Defendant Scribner, then-Warden of Calipatria State Prison ("CSP"), ordered a lock down of the entire correctional facility to assist staff in purging the prison of contraband to prepare for the arrival of incoming-Warden Small. The lock down lasted approximately eleven weeks, from March 20, 2008 through June 1, 2008, when Defendant Small assumed his position as Warden. During the course of those eleven weeks, Plaintiff was subjected to constant illumination, forced to share a one-man cell with another inmate, and denied access to fresh air and outdoor exercise. As a result, Plaintiff experienced sleep deprivation and suffered shoulder and back pain, muscle cramps, weight gain, migraine headaches, neck injuries, hypertension, emotional distress, and anxiety. Based on these events, Plaintiff claims Defendants Scribner and Small violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to unconstitutional conditions of confinement.[3]

Plaintiff further alleges that Defendant Ochoa, then-Deputy Warden of CSP, failed to protect him from the harm he suffered as a result of the constant illumination in his cell. Plaintiff filed an inmate appeal regarding his exposure to constant illumination and its ill effects. According to Plaintiff, Defendant Ochoa's failure to act on his appeal and remedy the unlawful condition of

---

[1] Plaintiff is currently incarcerated at the Correctional Training Facility in Soledad, California.

[2] Because this matter comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

[3] Plaintiff invokes the protection of the Fourteenth Amendment as well, however "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims"). Here, the Eighth Amendment, and not the more generalized notion of substantive due process, is the explicit textual source of constitutional protection. Thus, there is no substantive due process claim.

1 confinement violated his Eighth Amendment rights. Plaintiff raised the issue directly with
2 Defendant Goins, a correctional counselor at CSP, and Defendant Miller, a Captain at CSP, both of
3 whom failed to adequately address his concerns or alter his conditions of confinement.

4 Because of his pain and injuries, Plaintiff sought medical treatment multiple times between
5 the months of April and December 2010. Plaintiff alleges that Defendant Peters, a physician's
6 assistant, provided him with inadequate care in violation of his Eighth Amendment rights, by failing
7 to prepare a Comprehensive Accommodation Chrono for a bottom bunk, sleeping mask, and
8 therapeutic diet. Plaintiff claims that these accommodations would have alleviated the suffering he
9 experienced due to the constant illumination in his cell. Plaintiff asked the same of Defendant Chau,
10 a physician, who also refused to approve the accommodations. Plaintiff filed an inmate appeal
11 regarding the failure to prepare the requested chrono, which he alleges Defendant Ball, Chief
12 Medical Officer, wrongfully refused to act upon, and Defendant Hjerpe, Chief Physician, wrongfully
13 refused to grant.

14 Finally, Plaintiff alleges that Defendant McEwen, former-Warden of CSP, failed to
15 adequately train or supervise his staff, delayed Plaintiff's request for a transfer out of CSP, and
16 ultimately transferred Plaintiff to a different facility than the one he requested, in retaliation for
17 filing his inmate appeals. On this latter point, Plaintiff requests that the Court order Defendants to
18 transfer him to Mule Creek State Prison, his facility of choice.

19 Defendants move to dismiss Plaintiff's FAC in its entirety. Defendants assert entitlement to
20 qualified immunity on grounds that Plaintiff fails to allege a violation of his clearly established
21 constitutional rights.[4]

22 ///

---

[4] In opposition to Defendants' motion, and as general support for his claims, Plaintiff relies heavily upon a three judge panel's decision in *Coleman v. Schwarzenegger* 2009 U.S. Dist. LEXIS 21868 (N.D. Cal., Feb. 9, 2009), a class action case arising out of a receivership created by the district court to oversee the provision of health care at prisons under the jurisdiction of the California Department of Corrections and Rehabilitation. Plaintiff requests that the Court take judicial notice of *Coleman v. Schwarzenegger* because the court's findings of fact in *Coleman* support Plaintiff's claims in this case. The Court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). However, it is inappropriate for the Court to take judicial notice of *Coleman* for the purpose raised by Plaintiff. "[T]aking judicial notice of findings of fact from another case exceeds the limits of [Federal] Rule [of Evidence] 201." *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003).

## **LEGAL STANDARD**

*1.    Motion to Dismiss*

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). "The old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the *Bell Atlantic* decision [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007)]." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S.__ , 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

*2.    Standards Applicable to Pro Se Litigants*

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to

state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotation omitted).

The Court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted), citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987). Thus, before a *pro se* civil rights complaint may be dismissed, the Court must provide the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi*, 839 F.2d at 623-24. But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

## DISCUSSION

Defendants contend qualified immunity insulates them from liability in this action. Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When presented with a qualified immunity defense, the central questions for the Court are: (1) whether the facts alleged, taken in the light most favorable to Plaintiff, demonstrate that Defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established" at the time it is alleged to have been violated. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Although *Saucier* originally required the Court to answer these questions in order, the Supreme Court has since held that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The Court now turns to consider whether Plaintiff has alleged facts sufficient to state a plausible constitutional claim.

*1.     Eighth Amendment Conditions of Confinement Claims*

Plaintiff alleges that various Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by depriving him of outdoor exercise and subjecting him to constant illumination in his cell. The Eighth Amendment prohibits cruel and unusual punishment, and

applies to the states through the Due Process Clause of the Fourteenth Amendment. U.S. Const. amend. VIII; *Robinson v. California*, 370 U.S. 660, 666 (1962). Thus, "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being." *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989).

In order to state a plausible Eighth Amendment claim, a plaintiff must allege facts sufficient to demonstrate both objective and subjective components. First, the deprivation must be objectively serious such that the prison official's act or omission resulted "in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Second, a prison official must have a "sufficiently culpable state of mind." *Id*. Under this latter component, the official will not be held liable for inhumane conditions "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

The Supreme Court has held that "extreme deprivations are required to make out a conditions of confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). As the Second Circuit has explained, "[b]ecause society does not expect or intend prison conditions to be comfortable, only extreme deprivations are sufficient . . ." *Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir. 1999); *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) ("The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones.").

a) <u>Outdoor Exercise</u>

Plaintiff alleges that he was denied outdoor exercise for a period of approximately eleven weeks. Plaintiff claims that Defendant Scribner ordered the lock down to "cleanse the prison of all contraband for incoming Warden Small effective 06/01/08." *FAC* at 3. "[O]rdinarily the lack of outside exercise for extended periods is a sufficiently serious deprivation" for Eighth Amendment purposes. *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993). A prohibition on outdoor exercise of as little as six weeks has been held to be a "sufficiently serious" deprivation to support an Eighth Amendment claim. *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (en banc);

*Allen v. Sakai*, 48 F.3d 1082, 1086 (1994). Thus, an eleven week deprivation might be considered objectively serious. However, Plaintiff also must allege specific facts tending to show that Defendant Scribner had the requisite mens rea. Instead, Plaintiff recites a laundry list of mental states, including "gross negligence, malice, intent, deliberate indifference, breach of duty." *FAC* at 3. These generic allegations are insufficient. Detailed factual allegations are not required under the notice pleading standards in federal court, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And while factual allegations are accepted as true, legal conclusions are not. *Id*. at 1949–50. Plaintiff's claim against Defendant Scribner is subject to dismissal without prejudice. The Court shall provide Plaintiff with an opportunity to amend his complaint in order to state a plausible Eighth Amendment claim against Defendant Scribner.

According to Plaintiff, Defendant Small is also liable, despite not being installed as Warden at the time of the lock down. Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Under *Iqbal*, there is no supervisory liability. As such, Defendant Small is liable only for his own misconduct or the promulgation of a policy, the purpose of which is to violate constitutional rights. Defendant Small was not warden at the time of the lock down, and Plaintiff's own allegations establish that the lock down occurred prior to Defendant Small's succession to the position. Aside from the speculative allegation that Defendant Small "ordered" the lock down "along with departing Warden Scribner," Plaintiff has not alleged any facts indicating that Defendant Small was personally involved in the alleged violation of his Eighth Amendment rights. *FAC* at 3A. Defendant Small cannot be held liable under Section 1983 for the actions of another warden and the Court shall dismiss him from this action with prejudice.

    b)  <u>Constant Illumination</u>

Plaintiff alleges that Defendants Ochoa, Goins, and Miller violated his Eighth Amendment right to be free from cruel and unusual punishment by enforcing prison regulations that result in constant illumination in his cell. Constant illumination of a prison cell, standing alone, has been

- 7 -

11cv1447

upheld as constitutional under certain circumstances. *See, e.g., Warren v. Kolender*, 2009 U.S. Dist. LEXIS 4817, 2009 WL 196114, at * 15 (S.D.Cal., Jan.22, 2009); *Pozo v. Hompe*, 2003 U.S. Dist. LEXIS 25209, 2003 WL 23185882, at *10 (W.D.Wis. Apr.8, 2003). However, 24-hour lighting of prison cells with excessively bright bulbs has been held to violate the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1090-91 (9th Cir. 1996).

Courts have held that the inquiry with respect to whether constant security lighting in prison cells violates the Eighth Amendment is necessarily fact-specific, *see, e.g., Shepherd v. Ault*, 982 F.Supp. 643, 645 (N.D.Iowa 1997), and often depends upon the brightness of the light at issue. Intensities in a range that courts have generally found permissible under the Constitution vary. *See Vasquez v. Frank*, 290 F. App'x 927, 929 (7th Cir. Aug.15, 2008) (24-hour lighting involving a single, 9-watt fluorescent bulb does not objectively constitute an "extreme deprivation."); *McBride v. Frank*, 2009 U.S. Dist. LEXIS 74284, 2009 WL 2591618, at *5 (E.D.Wis. Aug.21, 2009) (constant illumination from a 9-watt fluorescent bulb does not objectively deny "the minimal civilized measure of life's necessities."); *Wills v. Terhune*, 404 F.Supp.2d 1226, 1230-31 (E.D.Cal.2005) (holding that 24-hour illumination by 13-watt bulb was not objectively unconstitutional); *Pawelski v. Cooke*, 1991 U.S. Dist. LEXIS 20667, 1991 WL 403181, at *4 (W.D.Wis. July 18, 1991) ("Having a single 40 watt light bulb on 24 hours a day for security purposes amounts to no more than an inconvenience to the segregation inmates."), aff'd, 972 F.2d 352 (7th Cir.1992) (table opinion); compare *Keenan*, 83 F.3d at 1090-91 (lighting from "large fluorescent lights" was unconstitutional where plaintiff alleged that he "had no way of telling night or day"); *Shepherd*, 982 F.Supp. at 646-49 (summary judgment denied where inmates claimed harm from 60-watt bulbs).

Based on the contextual nature of the inquiry that must result from a cell illumination claim, the Court finds that Plaintiff fails to allege sufficient facts to state a plausible claim. Plaintiff does not include any allegations in his FAC as to the type of lighting in his cell or its brightness, without which he cannot demonstrate the existence of an objectively serious deprivation. Accordingly, the Court dismisses this claim as to all three Defendants. Dismissal is without prejudice and with leave to amend, as Plaintiff may be able to allege additional facts sufficient to state a plausible claim

against these defendants.

### 2. *Eighth Amendment Inadequate Medical Care Claim*

Plaintiff alleges that Defendants Physician Assistant Peters and Physician Chau failed to issue a Comprehensive Accommodation Chrono for a bottom bunk, a medical sleeping mask, and a therapeutic diet, in violation of Plaintiff's Eighth Amendment right to adequate medical care. According to Plaintiff, these accommodations would have alleviated the serious medical conditions from which he suffered due to the constant illumination in his cell. Plaintiff further alleges that Defendants Ball and Hjerpe violated his Eighth Amendment rights by failing to grant Plaintiff's inmate appeal at the Second Level of review regarding Defendant Peters' decision not to provide a Comprehensive Accommodation Chrono.

To establish an Eighth Amendment violation based on inadequate medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059, quoting *Estelle*, 429 U.S. at 104. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Even assuming Plaintiff's allegations establish that he had serious medical needs, he fails to

state a plausible Eighth Amendment claim against either Defendant Peters or Defendant Chau. His allegations against each defendant are virtually identical, and consist of little more than rote repetition of various legal standards. According to Plaintiff, both defendants "acted with gross negligence, malice intent, deliberate indifference, breach of duty, and under color of state law," "failed to respond appropriately or did not respond at all to Plaintiff's serious medical needs," and their "professional decisions were a substantial departure from accepted professional judgment, practice or standards." *FAC* at 3E-3F. As noted above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief may be granted. *Iqbal*, 129 S. Ct. at 1949. Plaintiff's allegations do not demonstrate that Defendants Peters and Chau acted with deliberate indifference to his medical needs. In fact, his allegations do little more than establish that he requested certain accommodations and neither defendant chose to issue medical orders to that effect. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) ("[A] mere difference of medical opinion is in sufficient, as a matter of law, to establish deliberate indifference.") (internal quotation marks omitted). Plaintiff fails to state a claim against Defendants Peters and Chau. Dismissal is without prejudice and with leave to amend, as Plaintiff may be able to allege additional facts sufficient to state a plausible claim against these two defendants.

Plaintiff also fails to state a cognizable Eighth Amendment claim against Defendants Ball and Hjerpe. Plaintiff alleges generally only that each of these defendants "failed to respond appropriately or did not respond at all to Plaintiff's serious medical needs" because they participated in the review of Plaintiff's related administrative grievances and "refused to act" to provide him with the requested accommodations. *FAC* at 3F-3G. Plaintiff's allegations against Defendants Ball and Hjerpe are premised on these defendants' purported failure to respond favorably to Plaintiff's inmate appeals. If these defendants knew of an ongoing constitutional violation, and if they had the authority to put a stop to it but did not, they may be liable under Section 1983. *See, e.g., Herrera v. Hall*, 2010 U.S. Dist. LEXIS 70611, 2010 WL 2791586, slip op. at *4-*5 (E.D.Cal., July 14, 2010). But, as explained above, Plaintiff's allegations do not establish the necessary prerequisite – an ongoing violation of his Eighth Amendment rights. Thus, he fails to state a plausible claim against

Defendants Ball and Hjerpe. Dismissal is without prejudice and with leave to amend, as Plaintiff may be able to allege additional facts sufficient to state a plausible claim against these defendants.

### 3. *Claims Against Defendant McEwen*

Plaintiff alleges a First Amendment retaliation claim and an Eighth Amendment conditions of confinement claim against Defendant McEwen. According to Plaintiff, he takes medication that makes him vulnerable to temperatures over 90 degrees. As such, Defendant Ball ordered Plaintiff to be transferred within ninety days to Mule Creek State Prison, a facility endorsed for heat-related transfers. Plaintiff alleges that Defendant McEwen delayed his transfer, and failed to transfer him to Mule Creek State Prison, as retaliation for filing inmate grievances in violation of his First Amendment right to freedom of speech. Plaintiff further alleges that Defendant McEwen's delay resulted in Plaintiff being deprived of outdoor exercise for sixteen consecutive weeks, due to temperatures exceeding 90 degrees, in violation of his Eighth Amendment rights.

#### a) <u>Retaliation</u>

Prisoners have a "First Amendment right[] to file prison grievances." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (internal quotation and citation omitted). Furthermore, "purely retaliatory actions taken against a prisoner for having exercised [this] right[] . . . violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id*. Accordingly, Plaintiff can establish a viable claim of First Amendment retaliation by demonstrating the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id*. at 567-68.

Plaintiff adequately alleges the first element of a retaliation claim. Prisoners may not be transferred in retaliation for the exercise of their First Amendment rights. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (prison officials could not transfer inmate to another prison in retaliation for inmate's exercise of First Amendment right to pursue federal civil rights litigation). It therefore stands to reason that prison officials cannot disregard a transfer order or delay a transfer as retaliation against a prisoner who has filed

inmate grievances. The filing of prison grievances is considered protected conduct; thus Plaintiff has alleged the third element of his retaliation claim. *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989).

However, Plaintiff has not alleged that his First Amendment rights were chilled, as he continued to pursue his inmate grievance through the requisite levels of review. Nor has Plaintiff sufficiently alleged facts plausibly claiming the alleged adverse action was "because of" Plaintiff's grievance filings. Plaintiff simply asserts in a conclusory fashion that Defendant McEwen took "no immediate action" on his inmate appeal in "retaliation." *FAC* at 4. The record suggests that Plaintiff filed and pursued his inmate appeal contemporaneously with the delay in his transfer; however temporal proximity in such instance is insufficient alone to show a causal connection. Plaintiff also fails to allege the fifth element of a retaliation claim, that the delay in his transfer and his ultimate transfer to a facility other than Mule Creek State Prison did not reasonably advance a legitimate correctional goal. It is not sufficient to assert that a prison official took adverse action in "retaliation." A prisoner must set forth allegations that establish the action had no legitimate purpose. Plaintiff fails to state a plausible First Amendment claim against Defendant McEwen. Dismissal of this claim is without prejudice and with leave to amend, as Plaintiff may be able to allege additional facts sufficient to state a plausible claim against Defendant McEwen.

    b) <u>Outdoor Exercise</u>

As noted above, a prohibition on outdoor exercise of as little as six weeks has been held to be a "sufficiently serious" deprivation to support an Eighth Amendment claim. *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (en banc); *Allen v. Sakai*, 48 F.3d 1082, 1086 (1994). Thus, a sixteen week deprivation might be considered objectively serious. However, Plaintiff also must allege specific facts tending to show that Defendant McEwen had the requisite mens rea. His claim against Defendant McEwen fails for the same reason his Eighth Amendment claim against Defendant Scribner fails. Plaintiff recites the same list of mental states, including "gross negligence, malice, intent, deliberate indifference, breach of duty." *FAC* at 4. This recitation is insufficient to establish that Defendant McEwen acted with deliberate indifference. Dismissal of this claim is without prejudice and with leave to amend, as Plaintiff may be able to allege additional facts

sufficient to state a plausible claim against Defendant McEwen.[5]

    *4.    Claim for Injunctive Relief*

Plaintiff requests injunctive relief in the form of a transfer from his current place of confinement to Mule Creek State Prison. However, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985). Plaintiff's request for injunctive relief arises out of events which took place at CSP. Plaintiff is currently incarcerated at the Correctional Training Facility ("CTF") in Soledad, California. The prison officials at CTF, who have custody and control of Plaintiff and the authority to order his transfer to a different facility, are not before this Court. Thus, the Court lacks jurisdiction to grant Plaintiff's request and his claim for injunctive relief is dismissed with prejudice. *Id.* ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

    *5.    Qualified Immunity*

Plaintiff has not alleged sufficient facts in his FAC to establish a violation of his Eighth or First Amendment rights. As such, the Court is unable to evaluate whether Defendants are entitled to qualified immunity as to any of Plaintiff's claims. Unless and until Plaintiff has alleged a plausible claim for the violation of his constitutional rights, there can be no determination regarding the applicability of qualified immunity. *See Groten v. California*, 251 F.3d 844, 851 (9th Cir.2001) ("[A] Rule 12(b) (6) dismissal is not appropriate unless we can determine, based on the complaint

---

[5] According to Plaintiff, Defendant McEwen "had a duty to supervise and administer services at the prison including medical services," and he "failed to properly train, supervise, direct or control the actions of subordinates responsible for transferring Plaintiff within those 90 days." *FAC* at 4. Plaintiff claims that Defendant McEwen "continued a policy of CDCR prison staff disregarding or delaying treatment recommendations by physicians." *Id.* To the extent Plaintiff is attempting to state a claim against Defendant McEwen for supervisory liability, Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted). Plaintiff's generic allegations against Defendant McEwen are insufficient to establish supervisory liability under Section 1983.

- 13 -                                                            11cv1447

itself, that qualified immunity applies.") (citation omitted). Accordingly, dismissal on this ground is not appropriate at this stage in the proceedings.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion in part and **DISMISSES** Plaintiff's First Amended Complaint in its entirety for failure to state a plausible claim for relief.

The Court **DISMISSES** Defendant Small from this action with prejudice.

The Court **DISMISSES** Plaintiff's claim for injunctive relief with prejudice.

To the extent Defendants move to dismiss Plaintiff's claims on grounds of qualified immunity, the Court **DENIES** the motion in part, without prejudice.

Plaintiff shall file a Second Amended Complaint that cures the deficiencies addressed in this Order on or before *August 17, 2012*. Plaintiff's Second Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIV. L. R. 15.1. Defendants not named and all claims not re-alleged in the Second Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

DATED: July 13, 2012

Hon. Michael M. Anello
United States District Judge