UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE P. OLIVIER,<br><br>                              Plaintiff,<br><br>vs.<br><br>L.E. SCRIBNER, et al.,<br><br>                              Defendant. | CASE NO. 11cv1447-MMA (RBB)<br><br>**ORDER GRANTING MOTION TO DISMISS;**<br><br>[Doc. No. 51]<br><br>**DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL**<br><br>[Doc. No. 49] |

Plaintiff Maurice P. Olivier, a state prisoner proceeding *pro se*, filed a First Amended Complaint alleging various violations of his civil rights. *See* Doc. No. 17. On July 13, 2012, the Court dismissed his complaint in its entirety and granted Plaintiff leave to file a Second Amended Complaint curing the deficiencies noted in the Court's order of dismissal. *See* Doc. No. 44. In lieu of an amended complaint, Plaintiff appealed the Court's order of dismissal. *See* Doc. No. 45. On August 8, 2012, the circuit court dismissed the appeal for lack of jurisdiction, noting that this Court's order of dismissal was not a final appealable order. *See* Doc. No. 48. (citing *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (dismissal of complaint with leave to amend is not appealable)). The next day, Plaintiff filed a motion for appointment of counsel on appeal. *See* Doc. No. 49. Plaintiff has now filed a "motion of intent not to file" a Second Amended Complaint and requests that the Court dismiss this action so that he may appeal. *See* Doc. No. 51.

**I.   MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff requests the appointment of counsel to assist him in prosecuting his appeal of this action. The Court denies his motion as moot. Plaintiff's appeal is no longer pending. He signed and submitted his motion for appointment of counsel on August 6, 2012; the circuit court dismissed his appeal for lack of jurisdiction two days later. Thus, to the extent Plaintiff sought representation for the specific purpose of litigating his appeal, the motion is moot. In addition, as discussed below, Plaintiff seeks dismissal of this action with prejudice so that he may pursue an appeal of the Court's July 13, 2012 order of dismissal. This renders moot his request for appointment of counsel to assist him in further litigating this action.

**II.   MOTION FOR DISMISSAL**

Plaintiff also moves for dismissal of this action so that he may file an appeal. In order to provide the relief Plaintiff requests, the Court construes his motion as a request for voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(2). The Ninth Circuit has held that a plaintiff may appeal a voluntary dismissal "when it is with prejudice to his right to commence another action for the same cause or otherwise subjects him to prejudicial terms or conditions." *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995). And although at first blush Plaintiff's request may seem extreme, "[w]hen, as here, a plaintiff believes a ruling is so prejudicial to his case he is willing to risk losing the right to litigate completely in order to challenge it, a case or controversy exists and he should be allowed to appeal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001).

Accordingly, the Court **GRANTS** Plaintiff's motion for dismissal and **DISMISSES** this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The Clerk of Court is instructed to enter judgment in accordance herewith and terminate the case.

**IT IS SO ORDERED**.

DATED: August 31, 2012

Hon. Michael M. Anello
United States District Judge